UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CESAR ENAN CARTAGENA-BUSTILLO** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-01188** |
| **SHERIFF RANDY SMITH** | **SECTION "D"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.   Factual Background**

The plaintiff, Cesar Enan Cartagena-Bustillo ("Cartagena-Bustillo"), is a prisoner incarcerated in St. Tammany Parish Prison. He filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against St. Tammany Parish Sheriff Randy Smith. Cartagena-Bustillo seeks monetary damages for being placed in a holding cell for fourteen (14) days. He alleges that he requested an ARP complaint form and was ignored. He alleges that he was arrested on January 2, 2020 by the parish sheriff.

**II.   Standard of Review for Frivolousness**

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint.

*See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). A claim lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III. <u>Sheriff Smith</u>

Cartagena-Bustillo filed suit against Sheriff Smith seeking damages in connection with the denial of his request for grievance forms. However, he has no specific allegations against the Sheriff regarding the denial of his request for grievance forms and nor does he assert a different constitutional violation that is the result of not receiving the grievance form.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

Inmates have no constitutional right to receive grievance forms or to have grievances resolved to their satisfaction. This is because a prisoner has a liberty interest only in "freedom from restraints imposing atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (prisoner does not have a federally protected interest in having grievances investigated or resolved to satisfaction).

As Cartagena-Bustillo relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *See Geiger*, 404 F.3d at 374. Consequently, Cartagena-Bustillo's claims fail to state a claim for which relief may be granted. The claims filed against Sheriff Randy Smith are, therefore, subject to dismissal.

### IV. Recommendation

It is therefore **RECOMMENDED** that Cesar Enan Cartagena-Bustillo § 1983 claims against Sheriff  Randy Smith be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e(c).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_\_5th\_\_\_\_\_ day of _____January_____, 2021.

_____
KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE